UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HOLMES, | ) Case No.: 1:12-cv- 01759 JLT (PC) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) |
| C/O JARAMILLO, et. al, | ) (Doc. 2) |
| Defendants. | ) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on October 16, 2012 in the Northern District of California. (Doc. 2) The Northern District of California transferred the case to this Court. As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I. Screening Requirement**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

///

## II. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant

leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff, a Black man, alleges that on February 15, 2012, Correctional Officer Jaramillo opened the cell door of two Hispanic inmates.  (Doc. 2 at 7, 46)  At the time, there were racial tensions between Black inmates and Hispanic inmates.  (Doc. 2 at 7)   The two Hispanic inmates rushed out of the cell and attacked Plaintiff.  Id.  During the ensuing riot, Jaramillo fired his impact launcher and Plaintiff alleges he was struck three times.  Id.  He alleges that he also suffered a broken thumb in the altercation.  Id.

Attached to Plaintiff's complaint are documents related to the event and the subsequent rules violation he suffered.  (Doc. 2 at 9-62).  Also attached is Plaintiff's medical report detailing his injuries suffered on February 15, 2012.  (Doc. 2 at 58-59)  The report demonstrates Plaintiff suffered a broken left thumb and a cut on his thumb and abrasions on his stomach and back.  Id.

Based upon these allegations, Plaintiff asserts Jaramillo failed to protect him and Warden Vasquez acted with deliberate indifference to his safety in violation of the Eighth Amendment due to the warden's failing to remove Jaramillo from the control tower.  (Doc. 2 at 7)

#### A. Eighth Amendment – Failure to Protect

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  To establish a violation of

3

this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834.  This requires the prisoner to satisfy both an objective and a subjective component.  First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)).  Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind.  Prison officials must have known of and disregarded an excessive risk to the prisoner's safety. Id. at 837.

As noted above, though Plaintiff describes a situation in which Jaramillo opened the door of the cell of the Hispanic inmates which exposed him to attack. (Doc. 2 at 7)  However, he fails to allege any facts that would support that Jaramillo acted intentionally; his mere conclusion that Jaramillo did this on purpose, is not enough to state a claim. Iqbal, 129 S. Ct. at 1949.  Thus, the complaint must be **DISMISSED.**

### B. Failure to link Defendant Vasquez to any alleged constitutional violation

To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson, 588 F. 2d at 743-744.  There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  The complaint must specifically allege how each named defendant is liable for the claimed deprivation.

However, Plaintiff fails to describe any wrongful action taken by Defendant Vasquez.  (Doc. 2 at 7)  At most he alleges that Jaramillo acted wrongly and because Vasquez was his boss, Vasquez is liable.  However, there is no respondeat superior liability under 42 U.S.C. § 1983. Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993); Monell, 436 U.S. at 691 (the supervisor of someone who allegedly violated a plaintiff's constitutional rights is not made liable for the violation by virtue of that role). "Liability under § 1983 arises only upon a showing of personal participation by the defendant. (Citation.) A supervisor is only liable for constitutional violations of his subordinates if the

4

1  supervisor participated in or directed the violations, or knew of the violations and failed to act to
2  prevent them. There is no respondeat superior liability under § 1983." Taylor v. List, 880 F.2d 1040,
3  1045 (9th Cir. 1989), citation omitted.  Here, Plaintiff does not present any facts–and, in fact, does not
4  even contend–that Defendant Vasquez had any personal role in Jaramillo's act of opening the door to
5  the Hispanic inmates' cell, that he condoned it or was even aware of it.  Thus, Plaintiff has not stated a
6  claim against Defendant Vasquez and the complaint must be **DISMISSED**.

## VI.  Leave to Amend

The Court will provide Plaintiff a final opportunity to amend his pleading to cure the deficiencies noted in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his second amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint (Doc. 2 at 3-65) is **DISMISSED**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint

1 | must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **October 30, 2012**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE