UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HOLMES,<br><br>    Plaintiff,<br><br>    v.<br><br>C/O JARAMILLO, et. al,<br><br>    Defendants. | Case No.: 1:12-cv-01759 JLT (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 12) |

    Plaintiff is a prisoner proceeding pro se in an action pursuant to 42 U.S.C. § 1983. On November 21, 2012, Plaintiff filed a motion for appointment of counsel. (Doc. 12) In this motion, Plaintiff asserts that he should be appointed counsel because "no reasonable judge or jury would have convicted Petitioner." Id. at 2. However, Plaintiff is not a "petitioner" in this case and he is not challenging his underlying conviction but, instead, he raises claims related to an event that occurred on February 15, 2012. (Doc. 11 at 4)

    Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Moreover, at this early stage, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Based on a review of the record in this case, Plaintiff has shown he is able to respond to Court orders, meet court deadlines, and adequately articulate arguments to support his claims. Thus, the Court finds no reason to believe Plaintiff will be unable to continue to do so in preparation for and at trial.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel is **DENIED**, without prejudice.

IT IS SO ORDERED.

Dated:   **November 27, 2012**            **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE