UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HOLMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O JARAMILLO,<br><br>　　　　Defendant. | Case No.: 1:12-cv-01759 JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 19) |

　　　　Kevin Holmes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On November 26, 2012, the Court screened Plaintiff's First Amended Complaint and found Plaintiff stated a cognizable claim, and authorized service. (Doc. 15).

　　　　On March 1, 2013, Plaintiff filed his second motion for the appointment of counsel. (Doc. 19). Plaintiff is reminded that he does not have a constitutional right to counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Further, the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915. *Mallard v. U.S. District Court for the So. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Nevertheless, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel. *Rand*, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the Court seeks volunteer counsel only in the most serious and exceptional cases. To determine whether "exceptional

circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances. Even if it is assumed Plaintiff is not well-versed in the law and has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. To the contrary, this Court is faced with similar cases almost daily. Further, at this early state in the proceeding, the Court is unable to make a determination that he is likely to succeed on the merits. Although Plaintiff alleges he has difficulty with reading and writing, he has shown he is able to respond to the Court's orders, meet deadlines set by the Court, and articulate facts to support his claims. There is no evidence Plaintiff will be unable to continue to do so in preparation for and at trial.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for the appointment of counsel (Doc. 19) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **March 5, 2013**                      /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE