UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HOLMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JARAMILLO et al.,<br><br>　　　　Defendant. | Case No.: 1:12-cv-01759 - JLT<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND DIRECTOR-PRIVATE INVESTIGATOR FOR ADA DISABILITY<br><br>(Doc. 23) |

　　　　Plaintiff Kevin Holmes ("Plaintiff") is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 1915, the Court permitted Plaintiff the right to proceed in *forma pauperis*. (Doc. 13.)  Now pending before the Court is Plaintiff's request for the appointment of counsel and "director-private investigator for ADA disability," filed March 13, 2013. (Doc. 23.)

　　　　**A.  Appointment of Counsel.**

　　　　As the Court advised Plaintiff in response to his motion for appointment of counsel—filed only 14 days ago--under 28 U.S.C. § 1915(e)(1), the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Only in certain exceptional circumstances the court may request the voluntary assistance

of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Exceptional circumstances exist when there is "the likelihood of success of the merits [and] the [in]ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

As noted in the Court's order dated March 6, 2013, the Court does not find the required exceptional circumstances, at least at this time. Every day the Court is confronted with cases raising serious allegations by inmates who are not well-versed in the law, have minimal formal education and who must rely upon the assistance of other inmates when drafting pleadings and other case-related documents. Unfortunately, though the Court does not discount in any fashion the importance of Plaintiff's case, it simply is not exceptional. Moreover, as noted by the Court before, at this early stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Based on a review of the record in this case, especially the documents Plaintiff filed in support of this motion, the Court finds that Plaintiff has been able to adequately articulate his claims. (Id.) Plaintiff's request for appointment of counsel is **DENIED**.

### B. Appointment of Director-Private Investigator for ADA Disability.

28 U.S.C. § 1915 determines the Courts' authority to grant or deny Plaintiff's present motion. No public funds may be expended on behalf of an indigent litigant where Congress has not authorized such expenditure. Strain v. Sandham, No. CIV S-05-0474 GEB GGH P, 2007WL3231712*2 (E.D.Cal. 2007)(*citing* Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). 28 U.S.C. § 1915 does not authorize use of public funds for an investigator. *See* 28 U.S.C. § 1915; Strain, 2007 WL at *2. While the Court notes that Title II of the ADA, 42 U.S.C.A. § 12132, applies to inmates within state prisons, Williams v. Schwarzenegger, No. 1:09–cv–00131–GSA–PC, 2009 WL 900049 *7 (E.D.Cal. 2009), the Court finds no authority from Congress that would permit the Court to appoint a "director-private investigator for ADA disability." *See* 28 U.S.C. § 1915.

Here, Plaintiff states he had difficulty reading and writing and cites his appeal decision which makes this finding. However, Plaintiff is advised that the Court does not have the authority to make the appointment he seeks. Moreover, Plaintiff has failed to demonstrate in any fashion why an investigator is needed, what this person would investigate or how this investigation would bear on

Plaintiff's case. Plaintiff's request for appointment of a director-private investigator for ADA disability is **DENIED**.

**ORDER**

Based upon the foregoing, Plaintiff's motion for appointment of counsel an investigator (Doc. 23) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 15, 2013**                    **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE