UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HOLMES,<br><br>      Plaintiff,<br><br>    v.<br><br>S. JARAMILLO et al,<br><br>      Defendants. | Case No.: 1:12-cv-01759 –JLT (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD "FAILURE TO PROTECT," "NEGLIGENCE," "INCOMPETENCE," AND "MALICIOUS ACT" AS A MOTION TO FILE A SECOND AMENDED COMPLAINT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT.<br><br>(Doc. 29) |

Plaintiff Kevin Holmes ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Presently, Plaintiff has filed a "Motion to Amend [the] Complaint to add "Failure to Protect," "Negligence," "Incompetence," and "Malicious Act" (Doc. 29), which the Court construes as a motion to file a second amended complaint.

For the following reasons, Plaintiff's motion for leave to file a second amended complaint is **DENIED.**

///

///

///

1

## I. BACKGROUND AND PROCEDURAL HISTORY.

Plaintiff filed his initial complaint on October 16, 2012, which the Court dismissed with leave to amend on October 30, 2012. (Docs. 2, 5). Plaintiff filed his first amended complaint on November 21, 2012. (Doc. 11). The Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determined that Plaintiff stated a cognizable Eighth Amendment claim of failure to protect pursuant to 42 U.S.C. § 1983 against Defendant Jaramillo. (Doc. 15). In the screening order, the Court also directed service of the first amended complaint on Defendant Jaramillo on November 26, 2012. (Doc. 15). Defendant Jaramillo answered the first amended complaint on March 11, 2013. (Doc. 21).

In his motion to file a second amended complaint, Plaintiff appears to be adding a common law complaint of negligence and an intentional tort of "malicious act." (Doc. 29). Defendant Jaramillo indicates that Plaintiff's filing of a second amended complaint would be futile. (Doc. 30).

## II. DISCUSSION AND ANALYSIS.

Under Fed.R.Civ.P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Here, Defendant filed an answer on March 11, 2013. (Doc. 21). Therefore, Plaintiffs require either consent of Defendant or leave of the Court to file amended pleadings. Defendants do not consent to Plaintiff's proposed amendment. (Doc. 30).

Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). After a defendant files a responsive pleading, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Madeja v. Olympic Packers, 310 F.3d 628, 636 (9th Cir. 2002), *citing* Yakima Indian Nation v. Wash. Dep't

of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999).  There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); *see also* Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990).

### A.  Permitting the amendment would be futile.

There is no indication or suggestion that bad faith motivates Plaintiff's request to amend his first amended complaint.  Rather, Defendants proffer that it would be futile to permit amendment of the complaint as Plaintiff's operative Eighth Amendment claim for punitive damages encompasses the term "malicious act." (Doc. 30 at 3).  Additionally, Defendants indicate that there is no cause of action for "incompetence" under state or federal law and that Plaintiff fails to state a cause of action for "negligence." Id.

Without screening the proposed second amended complaint to determine whether Plaintiff states any cognizable claim for "negligence,"[1] "failure to protect" or "incompetence," the Court notes that Plaintiff's first amended complaint already contains a claim for failure to protect in violation of the Eighth Amendment. (Doc. 11).  Furthermore, Plaintiff avers that "Defendant Jaramillo was aware [a] the serious risk of violence existed," which speaks to "deliberate indifference" or "malicious act." Id. at 5.  This is already an element of Plaintiff's Eighth Amendment claim.  Thus, it would be futile to permit Plaintiff to amend his first amended complaint.

### B.  Permitting the amendment would cause undue delay.

Plaintiff provides no reasons for seeking to amend the complaint, but rather submits a proposed second amended complaint in the body of his motion. (Doc. 29).  In addition, Plaintiff does not allege new facts in his proposed second amended complaint, but rather presents new legal theories.  The

---

[1] In addition, it would be futile to permit Plaintiff to amend his complaint to contain the alleged common law action of negligence.  Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action.  See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims.  State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004).  Plaintiff has made no mention of the CTCA.

3

Ninth Circuit has noted that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986). Plaintiff should have sought to pursue his claim of "negligence" in filing his original or first amended complaint. Notably, Plaintiff tarried four months beyond the filing of his first amended complaint before again seeking to amend his complaint.

Permitting Plaintiff to file a second amended complaint in this matter would require the Court to again screen the complaint to determine whether Plaintiff states a cognizable claim on facts already presented to the Court. Defendant would be required to again answer the complaint. The result would be further undue delay a resolution of this matter. Therefore, Plaintiff's motion to file a second amended complaint is **DENIED.**

**ORDER**

Accordingly, and for the aforementioned reasons, the Court **DENIES** Plaintiff's Motion to File a Second Amended Complaint (Doc. 29) because amending the operative complaint would be **futile** and cause **undue delay**.

IT IS SO ORDERED.

Dated:   **April 25, 2013**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE